ST. MICHAEL'S CONVALESCENT HOSPITAL, a California corporation, St. Therese Convalescent Hospital, a California corporation, Margaret Carlson, doing business as St. Luke's Convalescent Hospital, and all others similarly situated, Plaintiffs-Appellants,

v.

The STATE OF CALIFORNIA, Edmund G. Brown, Jr., in his official capacity as the Governor of the State of California; the California Department of Health, the California Department of Benefit Payments, and the California Health Facilities Commission, the Department of Health, Education and Welfare, and Joseph Califano, in his official capacity as the Secretary of Health, Education and Welfare, Defendants-Appellees.

No. 79–4195.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1980.

Decided May 1, 1981.

Orrin L. Grover, San Francisco, Cal., for plaintiffs-appellants.

Ralph M. Johnson, Deputy Atty. Gen., San Francisco, Cal., John M. Fredenburg, Gen. Counsel, Sacramento, Cal., for defendants-appellees.

Before ANDERSON and TANG, Circuit Judges, and MURRAY,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

The plaintiffs-appellants are three health care providers who are reimbursed by the state through Medi-Cal, the Medicare program in California, for services they per-

form. They sought to enjoin the defendants-appellees, the California Department of Health Services (DHS), and the California Health Facilities Commission (the Commission), from releasing to the requesting public certain cost information which the plaintiffs had provided to the defendants. The plaintiffs also named the Department of Health, Education and Welfare (HEW) and its Secretary as defendants; however, HEW and its Secretary were never served and the plaintiffs ultimately voluntarily dismissed the federal defendants. Therefore, the only appellees are the state parties, and the only information involved is the information that was submitted to and is held by DHS and the Commission.

## I. FACTS

DHS is the state agency that has responsibility for administering the Medi-Cal program. California Welfare and Institutions Code section 10722. Under Medi-Cal, DHS reimburses health care providers who extend covered services to eligible Medi-Cal recipients. To determine rates of reimbursement for the services, DHS requires providers to provide the type of cost information which is the subject of this suit. These records are then open to inspection by the public.

Apart from the requirements of DHS and Medi-Cal, health care providers are also required to submit the same or similar cost information to the Commission pursuant to the California Health Facilities Disclosure Act. California Health and Safety Code section 440 et seq. The Health Facilities Disclosure Act was enacted in response to rapidly increasing health care costs. *Wilson v. California Health Facilities Commission*, 110 Cal.App.3d 317, 167 Cal.Rptr. 801 (Ct. of App. 1st Applt. Div., 1980). "The disclosure aspects, based upon a uniform accounting and reporting system, were an attempt to provide the public and the government with

* The Honorable William D. Murray, Senior United States District Judge for the District of Montana, sitting by designation.

the necessary data to make sound judgments for the planning and purchase of hospital services." *Id.*

Plaintiffs' complaint was dismissed for failure to state a claim upon which relief could be granted. The court ruled that:

1.  the provisions of the Freedom of Information Act, 5 U.S.C. § 552, did not apply to a state administering a program like Medi-Cal, even though the program was partially funded by federal grants;

2.  the provisions of the Federal Privacy Act, 5 U.S.C. § 552a, did not apply to a state administering a program like Medi-Cal because it only applied to federal agencies; it prohibited disclosure of records of individuals and not entities; and state grantees of Medicaid funds were specifically exempt from the Privacy Act;

3.  there was no cognizable right of privacy created by the First, Fourth, Fifth, or Fourteenth Amendments to the United States Constitution that would prohibit the public disclosure of the cost information.

The district court also denied the plaintiffs' motion for a summary judgment, motion to amend the complaint, and motion to certify the class. Additionally, because it found that the plaintiffs had not alleged valid federal claims, the district court declined to exercise its pendent jurisdiction over the plaintiffs' state claims.

On appeal, the appellants contend that federal laws governing the disclosure of government-held information, 5 U.S.C. § 552, the Freedom of Information Act (FOIA), 5 U.S.C. § 552a, the Privacy Act (Privacy Act), 18 U.S.C. § 1905 (providing criminal sanctions for the disclosure of confidential information by federal employees) (§ 1905), 42 U.S.C. § 1306 (concerning the disclosure of information in the possession of the Department of Health, Education and Welfare) (§ 1306), are applicable to the state agencies involved and that those laws

prohibit the disclosure of the cost information.

Appellants also argue that the Constitution protects their right of privacy and their property interest in the information and prohibits the disclosure of the information. By raising the argument concerning the property interest, a claim which was only alleged in their proffered amended complaint, we regard this appeal as also challenging the denial of the motion to amend.

We affirm the district court's dismissal of the complaint as to the federal statutory claims and the constitutional privacy claim; however, we remand to allow plaintiffs to amend their complaint regarding the alleged property interest in the cost information.

## II.  *DISCUSSION*

### A.  *Standard of Review*

■ This appeal is before us from an order dismissing the complaint for failure to state a claim upon which relief can be granted. Therefore, the complaint will be construed favorably to the appellants and the standard we apply is "whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of [appellants'] claims." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.), *cert. denied*, 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979).

### B.  *The Federal Laws*

■ The FOIA, generally, provides for the mandatory disclosure of information held by federal agencies, unless the requested material is exempt from mandatory disclosure by one of the nine exemption provisions in the FOIA. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 220–221, 98 S.Ct. 2311, 2316, 57 L.Ed.2d 159 (1978); 5 U.S.C. § 552.

The Privacy Act, on the other hand, generally prevents a federal agency's disclosure

of information pertaining to an individual unless the individual has made a request or has given consent to disclosure in writing, or unless disclosure is provided for under the exceptions to the Privacy Act. 5 U.S.C. § 552a, § 552a(b)(1)–(11).

Section 1306 states, in pertinent part, that neither the Secretary of HEW nor any of its officers or employees shall disclose any information obtained by them in the discharge of their duties under the Social Security Act except as the Secretary of HEW may by regulations prescribe. Criminal sanctions are authorized for its enforcement. 42 U.S.C. § 1306.

Section 1905 makes criminal the disclosure of confidential information by officers or employees of the United States unless such disclosure is authorized by law. 18 U.S.C. § 1905.

Appellants contend that under these statutes, the cost information was prohibited from being disclosed and the district court erred in dismissing the suit and denying injunctive relief. We determine, however, that these statutes provided no basis upon which relief could have been granted.

■ First, the Privacy Act only applies to records of individuals—a citizen of the United States or an alien lawfully admitted for permanent residence. 5 U.S.C. § 552a(a)(2); 5 U.S.C. § 552a(g)(1). The

appellants, who are corporations or sole proprietorships, are not "individuals" and thus lack standing to raise a claim under the Privacy Act. *Cell Associates v. National Institutes, etc.*, 579 F.2d 1155, 1157 (9th Cir. 1978).

■ Second, there is no private right of action to enjoin agency disclosures of information under either the FOIA or § 1905. *Chrysler Corp. v. Brown*, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979). And, it is very doubtful that a private right of action may be inferred under § 1306. *See, Id.* at 316–317, 99 S.Ct. at 1725.

■ Moreover, the FOIA and the Privacy Act apply only to "agencies" as that term is defined under 5 U.S.C. § 551(1)[1] and 5 U.S.C. § 552(e).[2] Under these definitions, "agency" does not encompass state agencies or bodies.

Appellants, however, argue that the federal funds received through the Medicaid program and Medicaid's pervasive statutory and regulatory scheme necessarily subjects the DHS and the Commission to the provisions of the FOIA and the Privacy Act.

■ Federal funding reaches a countless number of activities of local and state governments. To assure that the federal funds are spent for the purposes for which they were intended, extensive federal regu-

---

1. Section 551(1) provides that:
   "For the purposes of this subchapter—
   (1) "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include—
   (A) the Congress;
   (B) the courts of the United States;
   (C) the governments of the territories or possessions of the United States;
   (D) the government of the District of Columbia;
   (E) agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them;
   (F) courts martial and military commissions;
   (G) military authority exercised in the field in time of war or in occupied territory; or

(H) functions conferred by sections 1738, 1739, 1743, and 1744 of title 12; chapter 2 of title 41; or sections 1622, 1844, 1891–1902, and former section 1641(b)(2), of title 50, appendix;

2. Section 552(e) provides that:
   "For purposes of this section, the term "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency."

lations are promulgated and must be complied with. However, those regulations do not convert acts of local and state governmental bodies into federal governmental acts. *United States v. Orleans*, 425 U.S. 807, 816, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976); *Forsham v. Harris*, 445 U.S. 169, 100 S.Ct. 978, 63 L.Ed.2d 293 (1980). "[E]xtensive, detailed and virtually day-to-day supervision" by the federal government is needed before "agency" status could be said to attach. *Forsham v. Harris*, 100 S.Ct. at 984, 63 L.Ed.2d at 304; *United States v. Orleans; see, Housing Authority of City of Seattle v. State of Washington*, 629 F.2d 1307 (9th Cir. 1980).

Medi-Cal, the Medicaid program in California, is a state-administered program which receives federal financial support and which is also highly regulated by the federal government. However, the appellants do not contend nor does it appear that the federal government exercises the "extensive, detailed and virtually day-to-day supervision" over the program that is needed to characterize the state bodies as federal agencies. Thus we agree with the district court that neither the DHS nor the Commission are "agencies."

■ Similarly, § 1306 and § 1905 apply only to federal employees. Since the DHS and the Commission are not federal agencies, we find no basis to justify transforming the officers and employees of those state bodies into federal officers and employees.

The district court correctly dismissed that portion of the complaint which was based upon the federal statutory provisions.

## C. *Constitutional Prohibitions to Disclosure*

### 1. *Property Interest*

■ Trade secret information can be considered property within the meaning of the fifth and fourteenth amendments. *Wearly v. FTC*, 462 F.Supp. 589, 597–598 (D.N.J.

1978), *vacated on other grounds,* 616 F.2d 662 (3d Cir. 1980). Thus "[f]ailure to provide adequate protection to assure [its] confidentiality, when disclosure is compelled by the government, [can amount] to an unconstitutional 'taking' of property by destroying it, or by exposing it to the risk of destruction by public disclosure or by disclosure to competitors." *Wearly v. FTC*, 462 F.Supp. at 598.

■ In their proffered amended complaint, appellants alleged that their constitutional right to be secure in their property would be violated by the disclosure of the cost information to the public. They contend on appeal that the cost information contains confidential and trade secret information.

The motion to amend the complaint should have been granted. No responsive pleading was filed to the complaint and the motion to amend the complaint was filed before the motion to dismiss was granted. "Under Rule 15(a), F.R.Civ.Proc., a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. A motion to dismiss is not a 'responsive pleading' within the meaning of the rule." *Nolen v. Fitzharris*, 450 F.2d 958 (9th Cir. 1971); *see also Russell v. Landrieu*, 621 F.2d 1037 (9th Cir. 1980).

We, therefore, vacate the district court's order denying leave to amend and remand this issue to the district court.

### 2. *Privacy Right*

■ Appellants also contend that their constitutional right to privacy will be violated by the disclosure of the cost information to the public. They do not cite any cases which could be said to confer a federal right of privacy that would prevent the public disclosure of the cost information, and we have found none. However, the following quote from the Supreme Court's decision in *Paul v. Davis*, 424 U.S. 693, 712–713, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405 (1976), is instructive:

"While there is no 'right of privacy' found in any specific guarantee of the Constitution, the Court has recognized that 'zones of privacy' may be created by more specific constitutional guarantees and thereby impose limits upon government power. See *Roe v. Wade*, 410 U.S. 113, 152–153, 93 S.Ct. 705, 726, 35 L.Ed.2d 147 (1973). Respondent's case, however, comes within none of these areas. He does not seek to suppress evidence seized in the course of an unreasonable search. See *Katz v. United States*, 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967); *Terry v. Ohio*, 392 U.S. 1, 8–9, 88 S.Ct. 1868, 1873, 20 L.Ed.2d 889 (1968). And our other 'right of privacy' cases, while defying categorical description, deal generally with substantive aspects of the Fourteenth Amendment. In *Roe* the Court pointed out that the personal rights found in this guarantee of personal privacy must be limited to those which are 'fundamental' or 'implicit in the concept of ordered liberty' as described in *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937). The activities detailed as being within this definition were ones very different from that for which respondent claims constitutional protection—matters relating to marriage, procreation, contraception, family relationships, and child rearing and education. In these areas it has been held that there are limitations on the States' power to substantively regulate conduct.

"Respondent's claim is far afield from this line of decisions. He claims constitutional protection against the disclosure of the fact of his arrest on a shoplifting charge. His claim is based, not upon any challenge to the State's ability to restrict his freedom of action in a sphere contended to be 'private,' but instead on a claim that the State may not publicize a record of an official act such as an arrest. None of our substantive privacy decisions hold this or anything like this, and we decline to enlarge them in this manner."

Appellants do not challenge the disclosure of the cost information to the government, but rather complain of the subsequent availability of the information to the public. As in *Paul v. Davis*, their claim is not based upon any contention that the public disclosure of the cost information will "restrict [their] freedom of action in a sphere contended to be private." We conclude that no cognizable constitutional right of privacy is implicated here.[3]

### III. CONCLUSION

We remand to the district court with leave to plaintiffs to amend the complaint on the issue of whether the disclosure of the cost information will infringe upon a constitutional property interest that the appellants may possess in the cost information. The district court's dismissal of all the other federal claims is AFFIRMED.

---

3. Even if it could be said that a privacy interest is infringed upon, we determine that the State's legitimate needs for the information:

1. to set the reimbursement rates for Medi-Cal services provided by health care providers such as appellants; and
2. to accomplish the purposes of the Health Care Facilities Disclosure Act "[of enabling] public agencies and private citizens to make informed decisions about planning and purchasing health care; [of encouraging] public and private third party payors to use this information to ascertain fair and reasonable premium rate; and [of insuring] that the total cost of health care is reasonably related to the total services offered, *Wilson v. California Health Facilities Commission, supra.* outweigh the privacy interest that appellants may possess in this situation. See, *Plante v. Gonzalez*, 575 F.2d 1119 (5th Cir.), *cert. denied,* 439 U.S. 1129, 99 S.Ct. 1047, 59 L.Ed.2d 90 (1979).